UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TINA WHITE                                    CIVIL ACTION

VERSUS                                        NUMBER 09-686-JJB-DLD

AT&T

## ORDER

This matter is before the court on an initial screening of plaintiff's complaint, brought *in forma pauperis* under 28 U.S.C. § 1915A, which provides that a court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Background*

On August 25, 2009, *pro se* plaintiff Tina White filed a complaint against her former employer, AT&T, complaining of wrongful termination and unequal treatment. Although the complaint is sparse, plaintiff appears to be alleging an action under Title VII of the Civil Rights Act. If plaintiff is alleging a Title VII violation, the complaint does not state whether she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Louisiana Commission on Human Rights ("LCHR") regarding her complaints. If plaintiff filed a charge of discrimination, her complaint also did not state whether she received a Right-to-Sue notification before filing her suit in federal court.

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other

aspects of employment, on the basis of race, color, religion, sex or national origin. Before filing a Title VII claim in federal court, plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC within 300[1] days of the complained-of conduct. Additionally, in a Title VII suit, the plaintiff must have received a Right-to-Sue notification before initiating suit in federal court. Further, although the filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao v. Auchan Hypermarket*, 96 F. 3d 787, 789 (5th Cir. 1996). In the Fifth Circuit, this "precondition" is similar to a statute of limitations, and as such, is subject to equitable modification. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981). The subsequent receipt of a right-to-sue notification cures the previous lack of the notification (the "condition precedent" before filing suit), and is an occasion which requires equitable modification. *Pinkard v. Pullman-Standard, a Div. Of Pullman, Inc.*, 678 F.2d 1211 (5th Cir. 1982)

Plaintiff should therefore be given an opportunity to amend her complaint to cure the defect in the original complaint to demonstrate that she exhausted her administrative remedies before filing suit in federal court.

Accordingly,

---

[1] In a "deferral" state like Louisiana, an aggrieved person has 300 days from the date of the last act of discrimination to file a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1); *Celestine v. Petroleos deVenezuella SA*, 266 F.3d 343, 351 (5th Cir.2001). Because Louisiana has a state agency that investigates discrimination claims, plaintiffs may elect to file their charges with the Louisiana Commission on Human Rights, which will either conduct its own investigation, or forward the charges to the EEOC.

**IT IS ORDERED** that plaintiff file an amended complaint within 30 days of this order stating the basis of jurisdiction, and attach thereto her EEOC/LCHR charge and Right-to-Sue notification.

Signed in Baton Rouge, Louisiana, on October 30, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**